# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BRIAN JAMES IVEY,  )
)
    Petitioner,  )
)
v.  )  Case No. CV413-013
)
ANTHONY WASHINGTON, Warden,  )
)
    Respondent.  )

## REPORT AND RECOMMENDATION

Brian James Ivey petitions for a 28 U.S.C. § 2254 writ of habeas corpus and moves for leave to proceed *in forma pauperis* (IFP). Docs. 1 & 2. He is indigent, so his IFP motion is **GRANTED**. Doc. 2. But because it "plainly appears from the petition" that he "is not entitled to relief in the district court," his petition should be summarily dismissed Rule 4 of the Rules Governing Section 2254 Proceedings.

Ivey's filing, which attacks a 2003 conviction, is unexhausted. Doc. 1 at 1. He says he directly appealed that conviction to the Georgia Supreme Court and it dismissed that appeal on April 26, 2005. Doc. 1.

He pursued no relief before the United States Supreme Court but 329 days later filed a state habeas petition (on June 19, 2006). *Id.* at 3. That proceeding, he claims, resulted in a "continuance by deposition" on March 6, 2007. *Id.* His explanation for waiting until January 10, 2013 (doc. 1 at 15) to seek federal habeas relief (in unedited form):

> I've been waiting on response from [that] court concerning my deposition[,] which was timely filed. I've requested numerous times an answer from the courts and attorney generals office. I've not received any reply or answers from them. It has now been over 5 years since my last court appearance.

*Id.* at 5.

Even were the Court to overlook the fact that Ivey has sat around for nearly six years without lifting a finger, which would otherwise implicate an untimeliness ruling here, the fact remains that his claims are still unexhausted. He "has the right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added), and that includes seeking a mandamus writ from the Georgia Supreme Court compelling the state habeas court to rule on his habeas petition. *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (state prisoner's filing of habeas petition in state court did not

satisfy exhaustion requirement for purposes of his subsequent federal habeas petition, despite state habeas court's failure to issue ruling on such petition for over two years, where prisoner was entitled under state law to challenge state habeas court's delay in ruling by way of writ of mandamus).

Because Ivey has not yet completed state habeas review, his petition is unexhausted. And, he must *fully* exhaust his state remedies even if he obtains mandamus relief. *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (to fully exhaust state remedies, a § 2254 petitioner in Georgia must petition the Supreme Court of Georgia for a certificate of probable cause to appeal the denial of his state habeas petition); *Scott v. Danforth*, 2013 WL 150464 at * 2 (S.D. Ga. Jan. 14, 2013).

Brian James Ivey's 28 U.S.C. § 2254 petition should be summarily **DISMISSED** for lack of exhaustion. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED** and **RECOMMENDED** this 30th day of January, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA